9/22/2017 7:58 AM
Chris Daniel - District Clerk Harris County
Envelope No. 19598597
By: Christopher Matthews
Filed: 9/22/2017 7:58 AM

**2017-62726 / Court: 127**

CAUSE NO. _____

| | | |
|---|---|---|
| YILMAZ DOKUYUCU, | § | IN THE DISTRICT COURT OF |
| PLAINTIFF, | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| HARTFORD INSURANCE COMPANY OF THE MIDWEST, | § | |
| DEFENDANT. | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION AND FIRST SET OF DISCOVERY**

Plaintiff Yilmaz Dokuyucu complains of Defendant Hartford Insurance Company of the Midwest and would respectfully show unto the Court:

**I.**
**DISCOVERY CONTROL PLAN**

1. Discovery in this matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

**II.**
**JURISDICTION AND VENUE**

2. The claims asserted arise under the common law and statutory law of the State of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas. Namely, the underinsured motorist coverage was purchased and contracted for in Harris County.

**III.**
**STATEMENT REGARDING MONETARY RELIEF SOUGHT**

3. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief in excess of $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees and judgment for all other relief to which they are entitled.

Discovery in this matter has just commenced and, therefore, Plaintiff cannot reliably state a maximum amount of damages he is seeking at this time, and reserves his right to supplement in accordance with the Texas Rules of Civil Procedure.

## IV.
## PARTIES

4.  Plaintiff Yilmaz Dokuyucu is a resident of Harris County, Texas.

5.  Defendant Hartford Insurance Company of the Midwest is an Indiana business entity doing substantial business in Texas and may be served by and through its registered agent, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## V.
## FACTS

6.  On or about September 28, 2014, Plaintiff was traveling westbound through an intersection on State Highway 6 when an uninsured driver unlawfully crossed into the intersection and collided violently with Plaintiff at a high rate of speed. The force of the impact was so great as to cause Plaintiff's Chevrolet Silverado to roll over multiple times during which time Plaintiff lost consciousness. The investigating officer assigned sole responsibility to the other driver for being under the influence of alcohol, for failing to control speed, and charged the driver with intoxication assault. As a result of the incident, Plaintiff has suffered severe and lasting injuries.

7.  Before this collision occurred, Plaintiff had procured uninsured/underinsured motorist ("UM/UIM") coverage to protect himself from this type of situation through Defendant. The premiums on the policy were paid and the policy was in full force and effect at the time of the occurrence made the basis of this lawsuit. Plaintiff would show that all proofs of loss and

Certified Document Number: 76729214 - Page 2 of 9

other conditions precedent necessary to the maintenance of this suit against Defendant have been satisfied.

8. Defendant, by and through its representatives, has denied to provide Plaintiff any sum of money to settle his Underinsured Motorist claim. Defendant refused to tender an offer of settlement when liability had become reasonably clear. This failure is a breach of the Texas Insurance Code as well as the Texas Deceptive Trade Practices Consumer Protection Act ("DTPA").

9. Defendant has not issued this payment as required by the Texas Insurance Code. This failure is an additional breach of the Texas Insurance Code and also the DTPA.

10. Based on this unfair and arbitrary refusal of Defendant to make a reasonable offer of settlement or pay undisputed amounts due to their own insureds, Plaintiff was forced to file this lawsuit. Defendant has failed in this manner despite having been presented with proof that the underinsured driver that hit Plaintiff did not have adequate automobile insurance to cover Plaintiff's injuries at the time of the accident made the basis of this lawsuit.

11. Defendant's actions were in direct violation of numerous statutory provisions.

12. Despite numerous pleas from Plaintiff, Defendant refused to conduct a reasonable investigation into the loss and failed to correct obvious mistakes made by incompetent, untrained, and inadequately supervised independent adjusters.

## VI.
## CAUSES OF ACTION

### A. *Breach of Contract*

13. The Policy is a contract for insurance coverage between Defendant and Plaintiff. Defendant promised to provide the Uninsured/Underinsured Motorist Coverage provided under said policy. Defendant breached its obligations under the Policy, such breach having resulted in a

3

producing cause of damages to Plaintiff. As a result of Defendant's breach of contract, Plaintiff is entitled to all actual damages for Uninsured/Underinsured Motorists Coverage under the Policy.

**B.    *Violations of the Texas Insurance Code***

14.   Plaintiff repeats, re-alleges, and incorporates each allegation contained in ¶¶ 1–13 of this Petition as if fully set forth herein.

15.   Defendant failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability had become reasonably clear, in violation of Texas Insurance Code Section 541.060(a)(2)(A).

16.   Defendant failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies, and behaved in an unconscionable manner.

17.   Defendant refused to pay a claim without conducting a reasonable investigation with respect to the claim, in violation of Texas Insurance Code Section 541.060(a)(7).

18.   Defendant failed to pay undisputed amounts owed to Plaintiff in violation of the Texas Insurance Code.

19.   Defendant failed to timely acknowledge Plaintiff's claims in violation of the Texas Insurance Code.

**C.    *Breach of Duty of Good Faith and Fair Dealing***

20.   Plaintiff repeats, re-alleges, and incorporates each allegation contained in ¶¶ 1–13 of this Petition as if fully set forth herein.

21.   Representatives of Defendant, including but not limited to Ms. Cheryl Lake, as Plaintiff's insurance company, respectively, had a duty to deal fairly and in good faith with Plaintiff in the process of his claim. Defendant breached this duty be refusing to properly

Certified Document Number: 76729214 - Page 4 of 9

investigate, improperly denying benefits, looking for excuses to deny benefits and refusing to pay benefits timely and taking actions contrary to its duties under the Texas Liability Insurance Code. Defendant knew or should have known that there was no reasonable basis for denying or delaying Plaintiff's required benefits. As a result of Defendant's breach of these legal duties, Plaintiff suffered legal damages.

22. Defendant also acted in an unconscionable, intentional and/or knowing manner, as that term is legally defined, and as a result is liable for the statutory violations resulting from unconscionable acts by an insurer and its adjusters.

### D. *Violations of the Texas Deceptive Trade Practices Consumer Protection Act*

23. Plaintiff repeats, re-alleges, and incorporates each allegation contained in ¶¶ 1–13 of this Petition as if fully set forth herein.

24. The Deceptive Trade Practices Consumer Protection Act ("DTPA") provides additional protections to consumers who are victims of deceptive, improper, or illegal practices. Defendant's violations of the Texas Insurances Code create a cause of action under the DTPA. These violations of the Texas Insurance Code, as set forth herein, specifically violate the DTPA as well. Further, these violations were committed knowingly and/or intentionally. Therefore, Plaintiff is entitled to recover treble damages and attorney's fees.

25. Plaintiff sent the required statutory notice and demand pursuant to the DTPA and abated this action until the requisite 60 days required by statute.

## VII.
## DECLARATORY JUDGMENT

26. Based on the foregoing facts and circumstances, Plaintiff seeks declaratory judgment pursuant to TEX. CIV. PRAC. & REM. CODE § 37.001 *et seq.*, to have his rights, status,

and other legal relationships between himself and Defendant established by a Court of competent jurisdiction. In particular, Plaintiff seeks a declaration from the Court that:

    a.    The underinsured driver was negligent and liable for the occurrence described above;

    b.    Plaintiff did not contribute to this accident in any manner;

    c.    Plaintiff sustained compensable damages as a result of the negligence;

    d.    The damages sustained by the Plaintiff fall within the terms of coverage afforded under the policy sold to the Plaintiff by Defendant;

    e.    The amount for all categories of economic and non-economic damages, as set forth in this petition, Plaintiff is entitled to recover from Defendant, allowing for all applicable credits and offsets;

    f.    Defendant has engaged in per se statutory violations of the Texas Insurance Code and the Deceptive Trade Practices Consumer Protection Act, and is liable for all remedies set forth in pertinent subchapters;

    g.    Defendant has breached its contract with Plaintiff, and is liable for all remedies set forth at common law for said breach; and

    h.    Specifying the amount of damages owed to Plaintiff under the insurance contract with Defendant, including interest, reasonable and necessary attorneys' fees, costs of court, and other expenses.

## VIII.
## DAMAGES

27.    As a direct and proximate result of the accident made the basis of this lawsuit and Defendant's actions, Plaintiff suffered and will continue to suffer, from her injuries, which include but are not necessarily limited to the following:

    a.    Past and future medical expenses;

    b.    Past and future physical pain, mental anguish;

    c.    Past and future physical impairment;

    d.    Past and future physical disfigurement;

  e.  Past lost wages and future loss of earning capacity;

  f.  Exemplary/treble damages.

28. By reason of all the above, Plaintiff is entitled to recover damages from Defendant in an amount within the jurisdictional limits of this Court, as well as pre- and post-judgment interests, along with statutory penalties, all for which request is hereby respectfully made.

## IX.
## RULE 193.7 NOTICE

29. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against the Defendants at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## X.
## CONDITIONS PRECEDENT

30. All conditions precedent have been performed or have occurred as required by Texas Rule of Civil Procedure 54.

## XI.
## DISCOVERY REQUESTS

31. Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests Defendant to disclose, within 50 days of service of this request, the information and materials described in Rule 194.2 of the Texas Rules of Civil Procedure. In addition, Plaintiff requests Defendant respond to Plaintiff's First Set of Discovery Requests, attached as Exhibit A. Plaintiff specifically requests Defendant produce responsive documents at the undersigned law offices within 50 days of service of this request.

## XII.
## JURY DEMAND

32.  Plaintiff hereby demands a trial by jury.

## XIII.
## PRAYER

33.  For the reasons discussed herein, Plaintiff prays this court cite Defendants to appear and to answer herein and that Plaintiff have judgment taken against Defendants, jointly and severally, and recover all damages allowed by law, pre-judgment and post judgment interest as allowed by law, punitive damages, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself justly entitled but not limited to:

- Past and future medical damages;

- Past and future loss of earning capacity;

- Past and future physical pain and suffering and mental anguish;

- Past and future impairment;

- Past and future disfigurement;

- Past and future loss of enjoyment of life;

- Punitive damages

- Costs of Court;

- Costs of copies of depositions; and

- Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**PIERCE SKRABANEK, PLLC**

*/s/ James P. Lamey*
_____
MICHAEL E. PIERCE
State Bar No. 24039117
JAMES P. LAMEY
State Bar No. 24094072
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
Email:   michael@pstriallaw.com
          james@pstriallaw.com
          service@pstriallaw.com

**ATTORNEYS FOR PLAINTIFF**

Certified Document Number: 76729214 - Page 9 of 9



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   October 25, 2017

Certified Document Number:        76729214 Total Pages:  9

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**